PER CURIAM.
Appellants contend on this appeal that the trial court erred in dismissing with prejudice their complaint against appellees for injuries Mrs. Utter received when she fell in a hole surrounding a water meter owned and maintained by Jacksonville Utilities. We agree and reverse. The appellees claimed in their motion to dismiss that appellants had failed to allege a duty to maintain the parking lot where the injury occurred. Appellants amended their complaint to allege that appellee had a duty to maintain its utilities so as to prevent injuries to the general public, but “negligently maintained its water meters and water lines, such that a hole surrounded the water meter on the premises.” The amended complaint thus appears to allege a causal connection between appellee’s negligent maintenance of its water meter and the creation or failure to repair a hazardous hole surrounding it. Appellants should have been given the opportunity to prove those allegations. The order is reversed and the case remanded for further proceedings.
SMITH, Acting C. J., and MELVIN and BOOTH, JJ., concur.